UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE THE COMPLAINT AND THE PETITION OF ARIES MARINE CORPORATION AS THE OWNER AND OWNER PRO HAC VICE OF THE M/V RAM XIX FOR EXONERATION FROM OR LIABILITY | CIVIL ACTION<br><br>NO. 24-00096-BAJ-SDJ |

### RULING AND ORDER

This is a limitation of liability action arising out of a maritime accident. Now before the Court is Claimant Juan Deville's **Motion To Bifurcate (Doc. 23, the "Motion")**, which asks the Court to bifurcate this action to preserve Deville's right to a state court jury trial while also preserving Petitioner's right to a federal bench trial under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* The Motion is opposed. (Doc. 24). With leave of the Court, Deville filed a reply in support of his Motion. (Doc. 29). For the reasons that follow, the Motion will be granted.

I. BACKGROUND

Deville was working aboard the M/V Aries Marine 19 when a crane operator failed to control a load and struck Deville, causing serious injuries. (Doc. 23-2 at 1). Deville filed a lawsuit in the Nineteenth Judicial District Court for East Baton Rouge Parish on August 3, 2023. (Doc. 23-1). Petitioner Aries Marine Corporation responded to the state court lawsuit by filing this action seeking to limit its liability under the

Limitation of Liability Act to $13,970,000. (Doc. 1 ¶ 19). Thereafter, all suits arising from the accident were stayed by order of this Court pending the limitation action. (Doc. 13).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(b), a district court "may order a separate trial" of any issue or claim "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed R. Civ. P. 42(b); *see also Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995). The rule leaves the decision to order the separation of a particular issue in the sound discretion of the Court. *See Conkling*, 18 F.3d at 1293; *O'Malley v. U.S. Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992) ("[C]ourts have repeatedly emphasized that whether to bifurcate a trial . . . is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis."). Bifurcation is appropriate when the separation of issues will "achieve the purposes" of Rule 42(b). *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. Aug. 2019 update). "[S]eparate trials should be the exception, not the rule." *Laitram*, 791 F. Supp. at 114. Indeed, "the Fifth Circuit has . . . cautioned district courts to bear in mind before ordering separate trials in the same case that the 'issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Laitram*, 791 F. Supp. at 115 (alteration in original) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406,

2

415 (5th Cir. 1964)).

The present motion for bifurcation comes in the context of a limitation action which raises issues not found in some other litigation settings. The Limitation of Liability Act allows a vessel owner facing potential liability for a maritime accident to file a petition in federal court to limit its liability. It further provides that if the shipowner did not have "privity or knowledge" of the vessel's fault relative to the accident in question, the owner's liability is limited to "the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C. § 30505(a); 46 App. U.S.C. § 183(a). If, at the limitation trial, "liability is limited, [the Court] distributes the limited fund[s] among the claimants." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).

On the other hand, the "saving-to-suitors clause," 28 U.S.C. § 1333(1), gives Deville "the option to request a state jury trial for personal injury claims involving the Jones Act and general maritime law." *In re Am. Boat Co. LLC*, No. 16-506, 2017 WL 2120067, at *2 (M.D. La. May 16, 2017) (Dick, C.J.) (citing 28 U.S.C. § 1333). In this case, Deville exercised that right and chose the option to sue in state court and requested a jury both there and in this proceeding. *See Chauvin v. Laredo Offshore Services, Inc.*, No. 97–3840, 1998 WL 88070, at *1 (E.D. La. Feb. 23, 1998) ("By filing suit in state court, the plaintiffs have clearly expressed their intention to pursue any maritime law claims in state court pursuant to the saving to suitors clause . . . ."); *Shelton v. Tidewater, Inc.*, No. 90–1845, 1990 WL 103658, at *3 (E.D. La. July 16, 1990) ("The clear and simple fact that plaintiffs filed suit in state court documents

plaintiffs' intention to proceed in state court as recognized by the Savings to Suitors clause.")

What is "saved" to the suitor in § 1333 is not only the right to bring a maritime case in a non-maritime court (state court or federal court at law, assuming an alternative basis for federal jurisdiction), but the right of the litigants to take advantage of the procedural differences between a federal court "in admiralty" and that of the non-maritime court. See 1 Robert Force and Martin J. Norris, *The Law of Maritime Personal Injuries*, § 1:6 (5th ed. 2013); 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* §§ 4–4, 21–1 (5th ed. 2014). Regardless of the court in which the case is brought, maritime substantive law is applicable. *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 864 (1986).

There is thus a "'recurring and inherent conflict' between the exclusive jurisdiction vested in admiralty courts by the Limitation of Liability Act and the common law remedies embodied in the saving to suitors clause of 28 U.S.C. § 1333." *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995) (citations omitted) (quoting *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 754 (2d Cir. 1988)).

### III. DISCUSSION

Deville seeks a partial bifurcation of the issues here. He asks that the Court hold a bench trial, as required by admiralty law, on the issues of exoneration, limitation, and apportionment of fault, and allow him to pursue only his damages claim in state court if limitation is denied. (Doc. 23) By deciding exoneration,

4

limitation and apportionment first and while the state court action is stayed, Petitioner's limitation rights would be protected.

Petitioner responds that to proceed in state court, Deville needs a stipulation signed by all claimants "agreeing to protect the rights of the vessel owner under the Limitation Act or a stipulation that the value of all claims does not exceed the value of the respective limitation funds." (Doc. 24 at 1–2 (quoting *Matter of Ingram Barge Co. LLC*, No. CV 20-00313-BAJ-SDJ, 2022 WL 446749, at *1 (M.D. La. Feb. 14, 2022) (Jackson, J.))). But this is true only when a claimant seeks to proceed in state court "*prior* to this Court's determination of a vessel owner's rights to exoneration or limitation." *Id.* (emphasis added). Here, in contrast, Deville asks the Court to decide liability first and then allow Deville "to return to state court to try his damages claims." (Doc. 29). Such partial bifurcation is routinely granted. *E.g.*, *In re Hedron Holdings, LLC*, 2023 WL 6382609, at *2 (E.D. La. Sept. 29, 2023); *Matter of Jack'd Up Charters LLC*, 2023 WL 4405121, at *5-6 (E.D. La. July 7, 2023); *In re Intracoastal Tug and Barge Company LLC*, 2021 WL 510453, at *3-4 (S.D. Tex. Nov. 2, 2021); *Matter of Chester J. Marine, LLC*, 2021 WL 2661949, at *8 (M.D. La. June 29, 2021); *Matter of Savage Inland Marine, LLC*, 2020 WL 10355875, at *3-5 (E.D. La. Dec. 16, 2020);

In this case, Petitioner's right of limitation will be protected by trying limitation first and freeing Deville to seek damages in state court only if limitation is denied. Because Deville's state court action would be limited to the issue of his damages, there would be little if any duplication of issues. *Matter of Chester J.*

5

*Marine, LLC*, No. CV 20-214-JWD-SDJ, 2021 WL 2661949, at *8 (M.D. La. June 29, 2021) (deGravelles, J.).

In sum, the Court finds that bifurcating the trial is appropriate pursuant to Rule 42(b) because bifurcation will be more convenient, will prevent prejudice, and will expedite and economize judicial resources. Once the Court resolves the limitation issues, the need for trial on damages may be eliminated or reduced. Importantly, bifurcation will help to avoid prejudice by preserving Deville's ability to seek a jury trial on damages if limitation is denied. *See Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960) (noting claimants' "apprehension that . . . [they] will be irrevocably denied their right to jury trials," but stating that "the admiralty court in its decree denying the right to limitation can make certain that [claimants] are free to pursue the petitioner in any other forum having requisite jurisdiction"). Therefore, the Court will try the issues of liability, limitation, and apportionment of fault in a bench trial, and will bifurcate the issues of damages. *See, e.g., Hedron Holdings*, 2023 WL 6382609 at *2 (bifurcating limitation of liability case under identical circumstances).

IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Claimant Juan Deville's **Motion To Bifurcate (Doc. 23)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the issues of liability, limitation and apportionment of fault will be tried to this Court in connection with the limitation

proceeding. If limitation is denied and Deville is found entitled to damages, the Court will dissolve the limitation injunction and permit Deville to try his damages case in state court.

Baton Rouge, Louisiana, this 25th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**